IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARK DERAMO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-575-O-BP |
| § | |
| AMERICAN AIRLINES GROUP, INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Complaint (ECF No. 3) and Answers to the Court's Questionnaire (ECF No. 15), filed by Plaintiff Mark Deramo ("Deramo"), proceeding *pro se* and *in forma pauperis*, on June 28, 2022 and September 20, 2022, respectively. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **with prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND**

This case involves Deramo's objection to wearing a face mask on an American Airlines ("AA") flight on April 26, 2021. In April 2021, AA had a policy requiring its passengers to wear a face mask on flights in response to the Covid-19 pandemic. Deramo alleges that he "contacted customer relations through the airlines a month prior to the flight to document his disability to wear a mask and request an accommodation." ECF No. 3 at 8.

On, April 26, 2021, Deramo attempted to board an AA flight from Seoul, South Korea, connecting at the Dallas-Fort Worth International Airport ("DFW"), then continuing to Pittsburgh, Pennsylvania, his final destination. *Id.* at 3. AA personnel in Seoul required Deramo to wear a

mask on the flight to DFW. *Id*. Deramo argues that this requirement showed that AA perceived him to be disabled with a contagious disease, Covid-19. *Id.* at 7; ECF No. 15 at 1. Deramo asserts that he therefore was "disabled" under the Americans with Disabilities Act ("ADA") and was entitled to decline to wear a mask because he viewed the mask as a disability accommodation offered to him by AA. ECF No. 3 at 8. By declining this proffered accommodation, Deramo argues that AA should have let him fly without having to wear the mask. *Id.*

However, AA's policies and procedures during the pandemic, not a part of any ADA accommodation, included requiring all passengers to wear a face mask during the flight. ECF No. 15 at 1-3. Deramo eventually agreed under protest to wear the mask during the flight from Seoul to DFW. *Id.* at 4. After the flight crew on the airplane "coerced" him into keeping the mask on while on board, he proceeded to remove the mask during the flight because he was "drinking water and feeling ill." *Id*.

Upon landing at DFW, an AA employee told him that he was indefinitely banned from traveling on AA, effective immediately. *Id.* at 5. Deramo filed suit against AA in November 2021 alleging violations of the Air Carrier Access Act of 1986, but he voluntarily dismissed that case in December 2021. *See* Civil Action No.4:21-cv-01309-P, ECF Nos. 3, 12. He filed this case in June 2022, alleging discrimination and retaliation under Title III of the ADA. ECF No. 3.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

Because Plaintiff is proceeding *in forma pauperis*, the Court is authorized under § 1915(e)(2)(B) to screen Plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks

an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To aid the Court in determining whether it should dismiss an *in forma pauperis* complaint, the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

### B. ADA

"The ADA defines 'disability' as: '(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Brewer v. Lavoi Corp.*, No. 3:13-cv-4918-N-BN, 2016 WL 769977, at *7 (N.D. Tex. Jan. 22, 2016) (quoting 42 U.S.C. § 12102(1)), *rec. accepted*, 2016 WL 759570 (N.D. Tex. Feb. 26, 2016). Title III of the ADA provides: "No

3

individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiffs only may recover injunctive relief, not monetary damages, in private suits under Title III of the ADA. *See* 42 U.S.C. § 12188.

### III.   ANALYSIS

The question for the Court on initial screening under § 1915 is whether Deramo's pleadings sufficiently allege that he suffered a discriminatory or retaliatory action based on a disability within the meaning of the ADA. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, at 512-13 (2002); *cf. Thornton v. Dallas ISD*, No. 3:13-cv-3012-P, 2014 WL 46398, at *3 (N.D. Tex. Jan. 6, 2014) (applying this analysis to screen Title VII discrimination and retaliation claims under § 1915(e)(2)(B) after issuance of a questionnaire). Deramo has not made that showing.

To state a claim under the ADA, Deramo must plausibly allege that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) he was denied public accommodations by the defendant because of his disability. 42 U.S.C. § 12182(a); *see McNeil v. Time Ins. Co.,* 205 F.3d 179, 185-86 (5th Cir. 2000); *see also Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999).

Deramo's allegations do not satisfy these basic requirements. In particular, he has not alleged what his disability is or how his disability prevented him from wearing a face covering. *See* ECF No. 3, 15. He offers only the conclusory allegations that AA treated him like he had Covid-19 by requiring him to wear a mask, which would somehow make him eligible as a

4

"disabled individual" allowing him to reject any accommodation, an option he mistakenly believed would free him from AA's mask requirement. ECF No. 15 at 3.

Deramo claims that AA violated the ADA by prohibiting him from flying on its airplane from Seoul to DFW unless he wore a mask and then barring him from future flights when he did not obey AA's policy. *Id.* at 3-4. However, Deramo does not assert sufficient facts to show that he had a disability or that AA discriminated against him because of that disability. In his answers to the Court's questionnaire, Deramo alleges that AA regarded him as having a disability that it "speculated to be a deadly dangerous disease." *Id.* at 2. "This [Covid-19] is the disability that the defendant regarding [him] as having, [he] never claimed to have a disability that prevented [him] from flying on the airplane as a passenger." *Id.* Deramo suggests that he "did object to wearing a surgical mask for thirteen hours since this 'requirement' had nothing to do with airline safety and it causes [him] extreme anxiety and breathing issues." *Id.* Deramo also claims that because AA regarded him as having a disability… he was able to "invoke his rights under the ADA which protects those with disabilities." *Id.* at 5.

Deramo stated in his responses to the Court's questionnaire

> At no point was I under any duty to discuss the nature this 'presumed' disability for the reason that I was not requesting any accommodation for it, and this 'presumed' disability did not impair my ability to patronize the defendant's airline service as a passenger and this 'presumed' disability was not a diagnosed or 'actual' disability that would have otherwise required me to discuss.

*Id.* Deramo contends that under the ADA, because he was not asking for the alleged accommodation–wearing a mask–he could reject the accommodation and therefore, would not have to comply with AA's mask policies. *Id.* at 3-5.

Deramo's reasoning is circular and unpersuasive. He first alleges a disability that he believes would excuse him from wearing a mask, but does not present an actual disability pursuant

5

to the ADA. ECF No. 3 at 8. Moreover, Deramo's Complaint establishes that he is not a qualified individual with a disability under the ADA because he acknowledges that he does not in fact have a disability. *Id.* Deramo then alleges that AA's mask wearing policy treated him as though he had Covid-19, which he believed made him eligible under the ADA to then qualify as disabled. That belief is misguided. Deramo has not pleaded any facts to show that he was disabled, that he was entitled to an accommodation, or that AA considered him to be disabled by requiring him, and all the other passengers to wear a mask. Because he has no disability, he is not exempt from AA's policies and procedures.

Deramo also alleges that AA's Covid-19 mask policy was intended to prevent the spread of Covid-19 and was "based upon the pure speculation that all passengers, including [him], had such a disease and that the cure or treatment was the defendant's policy, including but not limited to wearing a surgical mask over [his] face." *Id.* at 6. He asserts that AA retaliated against him by "disproportionately applying the [defendant's] mask wearing policy" to him as well as to others "based on pure speculation and stereotype that everyone had a disability known as Covid-19, a deadly, contagious disease, and all based upon the fantasy that the airline had a legal duty and the legal authority to impose medical treatments on each passenger." *Id.* But in fact, Deramo recognizes that AA's policy required all passengers, except those with medical or religious exemptions, to wear a mask on AA flights. ECF No.15 at 1-2, 6.

Deramo's claims neither set out facts to present a direct case of disability retaliation nor allege the necessary facts for the first element of a claim under Title III of the ADA that Deramo "suffers from a disability within the meaning of the statute." *Clark v. Livingston*, Civ. No. CC-08-45, 2009 WL 2827991, at *4 (S.D. Tex. Sept. 1, 2009) ("As the Fifth Circuit has explained, not every impairment, even if severe, is a disability within the meaning of the ADA. Rather, plaintiff

6

must [allege] that his condition significantly impairs a major life activity." (collecting cases)); *see, e.g., Barber v. Maoirana*, No. 14-CV-2227, 2015 WL 5562222, at *10 (W.D. La. June 3, 2015), *rec. adopted*, 2015 WL 5566699 (W.D. La. Sept. 18, 2015) (dismissing ADA claim under § 1915(e)(2)(B) because the plaintiff failed to allege that he was a qualified individual with a disability).

On the face of the Complaint, and in his Answers to the Court's Questionnaire, Deramo has not alleged facts to show that he is disabled under the ADA, that he was entitled to an accommodation that would permit him to fly on AA airplanes without wearing a mask, or that AA discriminated against him because of a disability. Deramo disagreed strongly with AA's mask policy, reluctantly wore a mask during part of his flight from Seoul to DFW, and then was not permitted to fly on AA beyond DFW. However, he has not pleaded facts to show how AA can be liable to him under the ADA even if those allegations are true.

Courts typically prefer dismissals without prejudice when a complaint fails to convey a colorable legal claim. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers whether the amended would cause undue delay in the proceedings, undue prejudice to the opposing parties, the timeliness of the amendment, and the futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir. 1982).

The undersigned concludes that Deramo has pleaded his best case under the ADA by filing a verified response to the Court's screening questionnaire. *Talib v. Gilley*, 138 F.3d 211, 213 (5th

Cir. 1998). Because the facts he alleges do not state a claim under the ADA, no subsequent amendments could bring about an actionable claim in this matter. Deramo's objections to having to wear a mask and being restricted from future travel because of his refusal to abide by AA's rules do not and cannot state a claim under the ADA on the facts alleged.

## IV.     CONCLUSION

Because Deramo has not alleged sufficient facts to show that he is entitled to recover on his discrimination or retaliation claims under Title III of the ADA, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 1, 2022.

                                                                                     _____
                                                                                     Hal R. Ray, Jr.
                                                                                     UNITED STATES MAGISTRATE JUDGE